## †McLanathan *versus* Patten.

Declarations of the vendor of personal property, while claiming title in whole or in part, and while in possession, are admissible in evidence to affect the title of those claming under him.

---

†In cases with this mark, SHEPLEY, C. J., took no part in their decision, the opinions being drawn up after his commission had expired.

REPLEVIN for a horse called *Fiddler,* tried before HOW-ARD, J.

The question was one of title in the plaintiff. He produced a bill of sale of the horse from John Goddard to himself, dated Feb. 3, 1854.

Defendant introduced a bill of sale of one-half of the horse from plaintiff to James T. Todd, dated Feb. 3, and another bill of sale of the whole, dated Feb. 10, 1854, and a bill of sale of the horse from Todd to himself, dated Feb. 25, 1854, and also proved a delivery of the horse, for which he gave a note of $200.

The defendant also produced a note for $100, given by Todd to plaintiff for the first bill of sale, which was paid by Todd in the bank and passed to plaintiff's credit.

After this evidence the plaintiff introduced a deposition, which was objected to but received, wherein the witness stated, that he had this horse several times of plaintiff between Feb. 3d and 10th, 1854, and rode after him with Todd, and he testified to several declarations of Todd at that time, tending to show that he had no claim to the horse.

The plaintiff also proved a conversation between Todd and himself in relation to the bill of sale of the horse, and Todd's declarations, that it was to go for nothing, against the objections of defendant. He also introduced a mortgage of a stock of goods from plaintiff to Todd, dated Feb. 22, 1854, which was resisted as being irrelevant.

The defendant excepted to these rulings.

*Strout,* with whom was *S. & D. W. Fessenden,* in support of the exceptions, contended, that the declarations of Todd, not being in possession of the horse, were not admissible according to the authorities. The mortgage was not relevant to the issue.

*Sweat,* with whom was *Shepley & Dana, contra.*

APPLETON, J. — It has been repeatedly held, that the declarations of a person in possession as the owner of per-

sonal property may be received to affect the title of those claiming under him. *Hatch* v. *Dennis*, 1 Fairf. 244; *Holt* v. *Walker*, 26 Maine, 109; *Parker* v. *Marston*, 34 Maine, 386. The declarations received, were made by the vendor of the defendant while having the title, in whole or in part, and while he was in possession of the horse in dispute. The effect of those declarations was for the jury under pertinent instructions. But no exceptions were taken to those given, and we must regard them, as having been given in accordance with the legal rights of the parties.

> *Exceptions overruled.*
> *Judgment on the verdict.*